Per Curiam.
 

 Every decision of the inferior courts, may he subject to the revision of this court. It is important that it should be the case, as to matters of law at least, otherwise there might be as many different rules of decision, as there are courts. It may safely be affirmed to be a principle of all societies, governed by laws, that every person is entitled to the benefit of the law which applies equally to all; and unless it be abandoned by neglect, or voluntary renunciation, the principles and forms of law afford
 
 *482
 
 means in every instance by which the law of the case can be attained.
 
 (a)
 

 The act of 1801, c. 30, provides, that no indictment shall be preferred without a prosecutor marked thereon. It further provides, that if any indictment should be preferred contrary to the true intent and meaning of the act, the party or parties against whom such bill shall be preferred, may give the act in evidence, and the court shall order him or them to be discharged. This act was made in favor of the citizen, and should have a liberal construction; and it seems to us the defendant could shew this defect in any stage of the prosecution. It was therefore correct to move for a discharge after plea pleaded. And we are clearly of opinion, that it is such a decision, from which an appeal may be taken to this court. In civil cases an appeal will not lie, until a decision takes place in the cause, which is final as to one party or the other. If further proceedings are to take place in the cause, no appeal lies.
 
 (b)
 

 This rule we believe, does not apply to causes of a criminal nature. For the preservation of the liberty and rights of the citizen, it seems important that an appeal should lie from any decision of the court, against the accused upon matter of law, which, if in his favor, would go to his exoneration. The appeal therefore, in this case, was proper.
 

 Upon examination of the case before the court, it appears that the objections on the part of the defendant, are not substantiated. The act of April,1784, c. 31, s. 3, does more than cover this case.
 

 It provides that no bill of indictment in the county court shall be quashed, if the offence be expressed in a plain, simple and intelligible manner; and that all informalities and refinements shall be disregarded by the court. The presentment on which the indictment is founded, is sufficient to exclude the idea of a vexatious prosecution, which it was the intention of the act to prevent. The third section of the act of 1801, enacts, that nothing contained in that act,shall be construed to extend to any presentment made by the grand jury, or to any bill of indictment founded thereon. This case is clearly within the exception of the act. For the appointment of the overseer of
 
 *483
 
 the particular road referred to in the indictment, is matter of record, which the solicitor for the county could notices; were it otherwise, we should be of a different opinion. As the name of the overseer was matter of record, the omission of his name in the presentment, is only informality.
 

 Let the judgment of the county court be affirmed, and a procedendo awarded.
 

 (a)
 

 1 John C. 179, 181. 1 Mass.388. 7 John. 200. 4 Mass.175. Hardin,443. 1 Caine's 594. 3 Caine's, 152 141, 162. 1 Wash. 84. 2 Call. 375. 4 john. 292. 2 Mass.489. 5 John. 122.
 

 (b)
 

 See 1 Caine's R. 149. 1 Binney, 220.